**UNITED STATES of America,**

v.

**Michael ESPOSITO, Defendant.**

**No. 86 Cr. 93 (DNE).**

United States District Court,
S.D. New York.

April 22, 1986.

Rudolph W. Giuliani, U.S. Atty., S.D. New York (Helen Gredd, Asst. U.S. Atty., New York City, of counsel), for the U.S.

Robert K. Tanenbaum, Beverly Hills, Cal., for Michael Esposito.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Defendant Michael Esposito ("Esposito") has moved to dismiss the indictment and for an order to compel the government to furnish certain discovery. The motions are hereby denied.

## BACKGROUND

On April 25, 1985, Esposito was jailed for civil contempt based on his refusal to testify before a federal grand jury in New Jersey. On July 31, 1985, Esposito was granted immunity and ordered to testify before a federal grand jury in this district. On August 1, 1985, Esposito was found in civil contempt for refusing to testify. On January 30, 1986, Judge Leisure determined that "no realistic probability exists that continued confinement might cause Mr. Esposito to testify before the grand jury." *In re Michael Esposito,* No. M-11–188 (PKL), slip op. at 5 (S.D.N.Y. Jan. 30, 1986) (Opinion and Order) [Available on WESTLAW, DCTU database]. Judge Leisure ordered the release of Esposito. *Id.* On January 31, 1986, an indictment was filed in this district charging the defendant with contempt pursuant to 18 U.S.C. § 401 based on the refusal to comply with the July 31, 1985 order to testify.

Esposito has moved to dismiss the indictment claiming that the repetitive contempt proceedings constitutes a denial of his due process rights. Esposito also claims that the successive contempt proceedings constitutes prosecutorial misconduct which warrants dismissal of the indictment. Defendant further claims that there is no need for his grand jury testimony and has moved to dismiss the indictment or in the alternative for a hearing to determine the need for his testimony. Esposito has also moved for an order compelling the government to comply with certain discovery requests.

## DISCUSSION

### I. *Motion to Dismiss*

#### A. Due Process

 It is well settled that the imposition of a sentence for civil contempt does not bar an action for criminal contempt. *Yates v. United States,* 355 U.S. 66, 74, 78 S.Ct. 128, 133, 2 L.Ed.2d 95 (1957); *United States v. Debs,* 64 F. 724, 745–46 (C.C.N.D. Ill.1894); *accord United States v. Petito,* 671 F.2d 68, 72 (2d Cir.), *cert. denied,* 459 U.S. 824, 103 S.Ct. 56, 74 L.Ed.2d 60, (1982); *United States v. Hughey,* 571 F.2d 111, 114 (2d Cir.1978). In this particular case, there have been two previous terms of incarceration imposed for civil contempt. The number of previous civil contempts cannot limit the government's ability to seek a conviction for criminal contempt.[1] This conclusion is mandated by the distinct purposes of civil contempt and criminal contempt. Civil contempt is intended to coerce the contemnor to testify, *United States v. Petito,* 671 F.2d at 72; *see in re Parrish,* 782 F.2d 325, 327 (2d Cir.1986), while criminal contempt is intended to pun-

---

1. This court is not presented with the issue whether successive civil contempts will infringe on the contemnor's due process rights nor does this case involve numerous sentences for repeated criminal contempt, *see United States ex rel. Ushkowitz v. McCloskey,* 359 F.2d 788, 790 (2d Cir.1966) (court declined to render judgment on whether multiple criminal contempt sentences were "so numerous and so oppressive as to constitute a denial of due process"). *See also United States v. American Honda Motor Co.,* 273 F.Supp. 810, 819 (N.D.Ill.1967) (successive grand jury inquiries *and* indictments relating to

the defendant's activities constituted violation of due process). Of course, double jeopardy would bar successive criminal prosecutions for the same contempt. *See Yates v. United States,* 355 U.S. 66, 73, 78 S.Ct. 128, 132, 2 L.Ed.2d 95 (1957); *United States v. Hughey,* 571 F.2d at 114. *Compare United States v. Smith,* 532 F.2d 158, 160–61 (10th Cir.1976) (defendant refused to testify in successive criminal trials, prosecution for successive contempts not barred by double jeopardy because prosecution had reason to expect defendant to testify at second trial).

ish the comtemnor for disobeying the court order, *United States v. Petito,* 671 F.2d at 72. The failure to obtain testimony by coercion, regardless of the number of attempts, does not limit the government's ability to punish the contemnor's refusal to testify.

### B. Prosecutorial Misconduct

■ Esposito has moved to dismiss the indictment based on prosecutorial misconduct. The nature of the misconduct relates to the number of contempt proceedings as discussed above. The cases cited by defendant are inapposite. For example, *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), relates to the inclusion of more serious charges when a defendant pursues a statutory right to a trial *de novo* following conviction on a less serious offense in the initial trial. The Court held that the prosecutor could not "up the ante" to retaliate against a defendant who attacked a conviction. *Id.* at 27–28, 94 S.Ct. at 2102. In this case, the government has not affected any right by seeking a conviction for criminal contempt following the defendant's incarceration for civil contempt. Esposito also refers to *United States v. Kilpatrick,* 594 F.Supp. 1324 (D.Colo.1984), where the court dismissed an indictment based on prosecutorial misconduct. *Id.* at 1351–53. The misconduct involved the presentation of evidence to the grand jury in a manner which undermined the ability of the grand jury to exercise independence. *Id.* at 1352. No such behavior is alleged to have occurred in this case.

The court finds no misconduct in charging the defendant with criminal contempt following two sentences for civil contempt. Bringing this indictment does not infringe or chill the exercise of any of defendant's rights and is well within the discretion of the United States Attorney.

### C. Need

■ Esposito has moved to dismiss the indictment contending that the grand jury did not need his testimony. In the alternative, defendant has moved the court to conduct a hearing to determine the need for his testimony. The government is not required to make an initial showing of need before subpoenaing a witness to appear before a grand jury. *In re Grand Jury Subpoena Served Upon John Doe, Esq.,* 781 F.2d 238, 249 (2d Cir.1986) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 1515, 89 L.Ed.2d 914 (U.S.1986); *in re Liberatore,* 574 F.2d 78, 83–84 (2d Cir.1978); *see United States v. Dionisio,* 410 U.S. 1, 17 n. 16, 93 S.Ct. 764, 773 n. 16, 35 L.Ed. 67 (1973). *See also in re Grand Jury Subpoena Dated January 2, 1985 (Simels),* 605 F.Supp. 839, 851 n. 16 (S.D.N.Y.) ("The present rule in this circuit is that no preliminary showing need be made before a person may be subpoenaed to appear before a grand jury."), *rev'd on other grounds,* 767 F.2d 26 (2d Cir.1985).[2] Since there is no burden on the government to establish a need for the defendant's testimony, the court will not dismiss the indictment based upon the alleged lack of need for Esposito's testimony. Under these circumstances, a hearing to determine if such need exists is not necessary.

### II. *Motion to Compel Discovery*

Esposito has moved for an order compelling the government to disclose:

1. All writings, recordings and evidence in the case against Esposito.

2. Transcripts of any Grand Jury proceeding in which any indictment was sought against Esposito.

3. All writings and evidence pertaining to the subject matter about which Esposito has been asked to testify before any Grand Jury, including but not limited to:

 (a) The criminal records of all targets of the Grand Juries.

---

**2.** Even if the government were required to demonstrate a need for the information, this burden would be very slight. As the Second Circuit has stated: "A grand jury's investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed...." *United States v. Stone,* 429 F.2d 138, 140 (2d Cir.1970). Thus, the definition of need would likely be broad.

(b) Those subjects about which Esposito was asked to testify.

4. The United States Attorney Manual for 1984, 1985, and 1986.

5. All writings and recordings pertaining to Esposito's fear of testifying before any Grand Jury.

6. All writings and recordings pertaining to communications about Esposito which were made by or to (including, but not limited to notes of government):

(a) The Federal Bureau of Investigation, including, but not limited to communications by and to Dennis Marchalonis.

(b) The U.S. Attorney's Office, including, but not limited to communications by and to Grady O'Malley and Mark Hellerer.

(c) Any communications between or amongst U.S. agencies, including, but not limited to, those between the F.B.I. and the U.S. Attorney's office.

7. All writings and recordings pertaining to Salvatore Esposito concerning Esposito's refusal to testify before Grand Juries.

8. All writings and recordings pertaining to all discussions and/or meetings among U.S. officials, agents or employees concerning Esposito, including, but not limited to discussions and/or meetings which included Esposito and/or his lawyers or agents.

Letter from Robert K. Tanenbaum, Esq. to Assistant United States Attorney Helen Gredd, Dated March 11, 1986.

The government asserts that it has complied with the first request by turning over grand jury transcripts and district court orders and transcripts that it intends to use at trial. The court will accept the assurances of the government that it has satisfied this request as well as its other obligations under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in good faith. *United States v. Cafaro,* 480 F.Supp. 511, 518 (S.D.N.Y. 1979).

■ With regard to the grand jury minutes that the government will not introduce into evidence, item 2, the defendant has failed to make the necessary showing for such disclosure. A party seeking disclosure of grand jury minutes must show a particularized need that outweighs the government's strong interest in secrecy. *United States v. Moten,* 582 F.2d 654, 662 (2d Cir.1978). Further, "the pendency of a grand jury inquiry places an especially heavy burden upon any party seeking disclosure" of grand jury minutes. *In re Federal Grand Jury Proceedings,* 760 F.2d 436, 440 (2d Cir.1985). The government has asserted that the grand jury investigation has not been completed.

■ The materials relating to Esposito's fear in testifying before the grand jury are not relevant to this case. These would include items 5, 7 and possibly 6 and 8. It is well settled that fear does not justify or excuse a witness from appearing before the grand jury. *Piemonte v. United States,* 367 U.S. 556, 559 n. 2, 81 S.Ct. 1720, 1722 n. 2, 6 L.Ed.2d 1028 (1961). While the information regarding Esposito's fear is not relevant to the guilt phase of the trial, it is a factor that the court can consider in mitigation. *United States v. Gomez,* 553 F.2d 958, 959 (5th Cir.1977) (per curiam); *see Harris v. United States,* 382 U.S. 162, 167, 86 S.Ct. 352, 355, 15 L.Ed.2d 240 (1965) ("We can imagine situations where the questions are so inconsequential to the grand jury but the fear of reprisal so great that only nominal punishment, if any, is indicated."). Therefore, should the defendant be found guilty, the government, prior to sentencing, is instructed to submit any information in its possession to the court regarding Esposito's fear in testifying before the grand jury.

Some of the materials requested, specifically those listed in item 3, appear to relate to the need for Esposito's testimony. Since the need for the information is not relevant, see *supra,* the court will not compel the disclosure of this information.

■ Esposito seeks disclosure of the United States Attorney's Manual for the

past three years. Disclosure of this material is not required under Rule 16, *see United States v. Azzarelli Construction Co.,* 459 F.Supp. 146, 152 (E.D.Ill.1978) (request for disclosure of guidelines of the Antitrust Division regarding criminal prosecutions under the Sherman Act denied), and would be irrelevant, *see in re Grusse,* 402 F.Supp. 1232, 1236–37 (D.Conn.) (Newman, J.) (demonstration of compliance with Justice Department guidelines on seeking use immunity not required in action for civil contempt), *aff'd sub. nom United States v. Grusse,* 515 F.2d 157 (2d Cir.1975).

■ Finally, with regard to the documents requested in item 6, internal memoranda prepared by the government in connection are not ordinarily discoverable under Rule 16. In order to obtain the materials, the defendant must establish that the documents are material to the preparation of his defense. Fed.R.Crim.P. 16(a)(1)(C); *United States v. Little,* 753 F.2d 1420, 1444–45 (9th Cir.1984). Defendant has not presented any facts which would tend to show that the requested documents are material for the preparation of the defense. Thus, defendant's request is denied.

## CONCLUSION

Defendant's motion to dismiss the indictment or in the alternative to conduct a hearing is denied. Defendant's motion to compel disclosure of certain material is also denied.

SO ORDERED.