Accordingly, plaintiffs' complaint is dismissed for failure to state a cause of action.

**UNITED STATES of America,**

**v.**

**Michael ESPOSITO, Defendant.**

**No. 86 Cr. 93 (DNE).**

United States District Court,
S.D. New York.

March 2, 1987.

Rudolph W. Giuliani, U.S. Atty., (Helen Gredd, Asst. U.S. Atty., of counsel), for plaintiff.

Robert K. Tannenbaum, Beverly Hills, Cal., for Michael Esposito.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Defendant Michael Esposito has moved for an order vacating his conviction for criminal contempt of court and dismissing with prejudice the underlying indictment. The motion is hereby denied.

## BACKGROUND

On April 25, 1985, the defendant, Michael Esposito, was jailed for civil contempt of court following his refusal to testify before a federal Grand Jury in the District of New Jersey. On July 31, 1985, Esposito was granted immunity and ordered to testify before a federal Grand Jury in the Southern District of New York. On August 1, 1985, Esposito was again found in civil contempt for refusing to testify. On January 30, 1986, Judge Peter Leisure of this court determined that "no realistic probability exists that continued confinement might cause Mr. Esposito to testify before the grand jury." *In re Michael Esposito,* No. M–11–188 (PKL), slip op. at 5 (S.D.N.Y. Jan. 30, 1986). [Available on WESTLAW, DCTU database] (Opinion and Order). Accordingly, Judge Leisure ordered the defendant's release. *Id.* On January 31, 1986, an indictment was filed in this district

charging the defendant with contempt pursuant to 18 U.S.C. section 401 based on the refusal to comply with the July 31, 1985 order to testify.

On March 24, 1986, the defendant filed motions seeking (1) dismissal of the indictment or an evidentiary hearing on its propriety; and (2) an order granting certain discovery. The discovery sought included all material in the government's possession relating to the defendant's alleged fear of testifying before the grand jury. The government opposed the discovery request on the ground that fear is not a defense to criminal contempt. In an Opinion and Order dated April 22, 1986, this court denied the defendant's motions in their entirety. In denying discovery of material concerning the defendant's alleged fear, this court noted that fear does not excuse a witness from appearing before a grand jury. *United States v. Esposito,* 633 F.Supp. 544, 547 (S.D.N.Y.1986); *see Piemonte v. United States,* 367 U.S. 556, 559 n. 2, 81 S.Ct. 1720, 1724 n. 2, 6 L.Ed.2d 1028 (1961). Accordingly, this court ruled that evidence of fear was not relevant to the determination of the defendant's guilt or nonguilt and thus ordered that the evidence did not have to be produced prior to trial. *United States v. Esposito,* 633 F.Supp. 544, 547 (S.D.N.Y. 1986). Such information, however, could be relevant in a court's consideration of punishment for the contempt. *United States v. Gomez,* 553 F.2d 958, 959 (5th Cir.1977) (per curiam); *see Harris v. United States,* 382 U.S. 162, 167, 86 S.Ct. 352, 355–56, 15 L.Ed.2d 240 (1965). Therefore, this court ordered that if the defendant was convicted, the government was to submit to the court any information in its possession regarding Esposito's fear of testifying before the Grand Jury. *United States v. Esposito,* 633 F.Supp. 544, 547 (S.D.N.Y.1986).

Shortly after this court's ruling, the parties agreed to try the case on stipulated facts. In the week preceding the scheduled trial date, the defendant submitted a

motion[1] seeking to incorporate this court's order of April 22, 1986 into the trial record. In that motion, the defendant for the first time asserted that the circumstances surrounding his failure to testify would support a defense of duress; and that he had been precluded from presenting that defense by the earlier ruling that fear was not relevant to the guilt phase of the trial.

On May 22, 1986, a conference on the motion was held before the court. At the conference, defense counsel was given an opportunity to make an offer of proof with respect to the defense of duress. After hearing the offer of proof, this court held that the defense of duress failed as a matter of law. On May 23, 1986, the defendant withdrew his motion, and the stipulated fact trial went forward. Ultimately, the defendant was found guilty of criminal contempt and sentencing was set for July 11, 1986.

Pursuant to this court's order of April 22, 1986, the government on July 10, 1986 submitted to this court the information it possessed regarding the defendant's alleged fear of testifying. In order to allow the defendant adequate time to review the material, sentencing was adjourned to September 2, 1986 on the government's consent. On August 29, 1986, the instant motion to vacate the conviction and dismiss the underlying indictment was filed.

### Motion to Vacate the Conviction and Dismiss the Indictment

In the instant motion, the defendant argues that *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny required the government to disclose evidence in its possession relating to

Esposito's fear of testifying. The defendant claims that by failing to disclose this information until after the trial, the government denied him his constitutional right to a fair trial.

### Brady Rule

■ In *Brady,* the Supreme Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment." *Id.* at 87, 83 S.Ct. at 1196–97. Although *Brady* places a duty of disclosure upon prosecutors, the Supreme Court's decision does not require prosecutors to completely open their files to inquiring defendants. *See Moore v. Illinois,* 408 U.S. 786, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972). Rather, the *Brady* rule only requires the disclosure of exculpatory evidence which, if suppressed, would deprive the defendant of a fair trial. *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).

### Suppression of Evidence

■ As a threshold matter, this court will first inquire whether the information was indeed suppressed by the government. In the instant motion, the defendant claims that the government suppressed information relating to bail hearings before the United States District Court for the District of New Jersey.[2] In these hearings, the government urged that certain criminal defendants, who were allegedly associated with organized crime, should be detained without bail because of the danger they posed to Esposito. The defendant claims

---

1. The motion was apparently never formally filed or docketed with the court.

2. The information the defendant has deemed exculpatory and suppressed consists of:

(A) two government briefs submitted in support of motions to detain defendants in the district of New Jersey on the ground that certain defendants, who were associated with organized crime, had harmed Esposito in the past and intended to harm him in the future;

(B) transcripts in which FBI Agent Marchalonis stated before United States Judicial Officers that: 1) Esposito had been beaten by two of the

defendants in the past and would decline to testify out of fear of future injury; 2) the injuries received by Esposito were severe; 3) a "reliable source" had indicated that Esposito would be "silenced" or "handled" for cooperating; and 4) Esposito was indeed in fear for his life; and

(C) the Grand Jury transcript of Salvatore Esposito which reveals that: 1) the individuals who had beaten Michael Esposito were involved in the investigation in the Southern District of New York; and 2) Salvatore Esposito was familiar with the issues before the Grand Jury.

that this information is exculpatory in that it supports his claim that fear for his own and his family's safety prompted him to refuse to testify before a grand jury in the Southern District of New York.

Although the defendant claims that this information was suppressed until after trial, it is clear that the defendant was well aware of the nature and content of the proceedings before the District Court for the District of New Jersey. In a appearance before Judge Leisure of the District Court for the Southern District of New York on October 10, 1985, counsel for defense himself brought the New Jersey proceedings to the attention of the court. The New Jersey proceedings were similarly discussed by the defendant in his brief in support of his November 29, 1985 motion to release Michael Esposito from civil confinement. Indeed, in his certification made in support of defendant's March 24, 1986 motion before this court, the defense attorney professed:

> I am informed and believe that the Newark, New Jersey probe resulted in the indictment of 26 defendants. The Government sought to hold 5 of those defendants on no bail because they were a danger to the community. To meet the burden of clear and convincing evidence on the issue of dangerousness during the bail hearing, FBI Agent Dennis Marchalonis testified, *inter alia*, that at least two of the defendants were demonstrably dangerous and violent individuals citing as an example the physical beating they administered to Michael Esposito in 1984. The New Jersey indictments handed down in August 1985 in fact allege in substance that the defendants participated in a criminal enterprise that used fear and violence to further its ends. Similar facts will be alleged in New York should the Grand Jury indict.

Under the *Brady* rule, the government has not "suppressed" evidence if the defendant "either knew ... or should have known ... of the essential facts permitting him to take advantage of any exculpatory evidence." *United States v. LeRoy,* 687 F.2d 610, 618 (2d Cir.1982), *cert. denied,*

459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983); *see Williams v. United States,* 503 F.2d 995, 998 (2d Cir.1974). In this case, it is clear that the defendant knew the essential facts of the New Jersey bail hearings. In fact, the government made affirmative disclosures to the defendant. On June 14, 1985, and September 5, 1985, V. Grady O'Mally, a Special Attorney for the United States Department of Justice, informed Mr. Dratch, the defendant's original attorney, that reliable sources had indicated that the targets of the Grand Jury investigation, believing that Esposito had cooperated with the government, intended to "handle" or "take care of" Esposito upon his release from confinement.

As the Second Circuit stated in *United States v. LeRoy,* 687 F.2d at 619, "the rationale underlying *Brady* is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government." In this case, the defendant knew or should have known the essential facts of the information in question. Accordingly, this court finds that the information in question was not suppressed as the term is defined under the *Brady* rule. However, for reasons set forth below, even if the information had indeed been suppressed, this court would still be obliged to deny the defendant's motion.

*Materiality*

In *Brady,* the Supreme Court called for the disclosure of material exculpatory evidence. The Court subsequently stated that evidence is to be deemed material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 3384, 87 L.Ed.2d 481 (1985). The Supreme Court went on to state that a "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* Ap-

plying this standard, this court finds that the information allegedly suppressed by the government is not material under the *Brady* rule.

*Evidence of Fear*

■ The defendant claims that the information allegedly suppressed by the government demonstrates that his refusal to testify was based on genuine fear. As this court has previously ruled, such information was not relevant to the determination of Esposito's guilt. *United States v. Esposito,* 633 F.Supp. 544, 547 (S.D.N.Y.1986). It is axiomatic that fear, even if genuine, is not a defense to a charge of criminal contempt. *Piemonte v. United States,* 367 U.S. 556, 559 n. 2, 81 S.Ct. 1720, 1724 n. 2, 6 L.Ed.2d 1028 (1961). Assuming arguendo that the information in question demonstrates that the defendant's fear was genuine and the cause of his failure to testify,[3] that information still could not have altered the verdict at trial. Accordingly, this court finds that the information in question was not material under *Brady* and *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).[4]

*Duress*

In the instant motion, the defendant suggests that the allegedly suppressed information could have supported a defense of duress. The defendant, however, has failed to specify a set of facts that would entitle him to have that defense presented to a trier of facts.

■ The essential components of the defense of duress are: 1) the coercion or compulsion was immediate and likely to induce a well-founded fear of impending death or serious bodily injury; 2) there was no reasonable opportunity to escape the compulsion without committing a crime; and 3) the defendant took reasonable steps to extricate himself from the apparent danger. *See United States v. Ciambrone,* 601 F.2d 616, 626–27 (2d Cir.1979). If the defendant cannot, or does not, present evidence regarding these factors, a duress defense can be rejected as a matter of law. *See United States v. Bifield,* 702 F.2d 342, 346 & n. 2 (2d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Patrick,* 542 F.2d 381, 386–88 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977).

■ At a pre-trial conference held on May 22, 1986, this court held that any defense of duress raised by Michael Esposito must fail as a matter of law. At that time, this court held that even if the matters asserted by defense counsel were assumed to be true, there was a failure to demonstrate that the defendant tried to escape the compulsion, sought the protection of the government, or was confronted with more than general fear. *See* Tr. of May 22, 1986 at 2–3, 7–12. In the instant motion, the defendant claims that the allegedly suppressed information establishes that the "coercion and fear suffered by Esposito was immediate and likely to induce a well founded fear of impending death or serious bodily injury to himself or his family members." Defendant's memo. at 2. The instant motion, however, fails to indicate how the allegedly suppressed information demonstrates that Esposito tried to escape the compulsion or sought the protection of the government. Even if this court was to accept the proposition that the defendant indeed felt a specific and well-founded fear of immediate bodily injury,[5]

---

3. In fact, the authenticity of Michael Esposito's fear is contested. For example, on October 22, 1985, Salvatore Esposito, the defendant's father, stated before a Grand Jury that his son had indicated that his refusal to testify was not motivated by fear.

4. Although the information in question is not material under the *Brady* rule, it is relevant to this court's determination of sentence for the defendant. *See United States v. Esposito,* 633

F.Supp. 544, 547 (S.D.N.Y.1986). Accordingly, the information in question was disclosed to the defendant prior to sentencing. In fact, the defendant was granted a six week adjournment of sentencing so that he might adequately review the information and prepare any arguments in mitigation of punishment.

5. Generalized fear cannot support a defense of duress. *See United States v. Housand,* 550 F.2d 818, 825 (2d Cir.), *cert. denied,* 431 U.S. 970, 97

any defense of duress raised by Esposito must still be rejected as legally insufficient. Rather than declining to testify before the Grand Jury, the defendant should have turned to the government for protection. On October 10, 1985, the government offered the defendant and his family protection should Esposito indeed choose to testify. *See* Tr. of October 10, 1985 at 12 (Leisure, J.). Defense counsel, however, stated that participation in the federal witness protection program was "an option and a consideration that [was] rejected by both Mr. and Mrs. Esposito." *Id.* at 6–7.[6]

The defendant has not offered evidence demonstrating that he sought to secure the protection of the government or took reasonable steps to escape the compulsion affecting him. Accordingly, this court finds that even after considering the allegedly suppressed information in a light most favorable to the defendant, any defense of duress raised fails as a matter of law. *See United States v. Bifield,* 702 F.2d 342, 346 & n. 2 (2d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Patrick,* 542 F.2d 381, 386–88 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977); *see also In re Grand Jury Proceedings,* 605 F.2d 750, 752 (5th Cir.1979) (per curiam) (rejecting defense of duress in civil contempt when defendant declined government's offer of protection). As the defense of duress would not have been presented to the trier of fact, the allegedly suppressed information could not possibly have altered the verdict at trial. Thus, the allegedly suppressed information is not material as the term is defined under *Brady* and *Unit-*

*ed States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

*The Need for Michael Esposito's Testimony*

██ The defendant has claimed in the instant motion that the information released by the government after trial establishes the supposedly exculpatory fact that his testimony was not crucial or necessary since the information sought had already been provided to the Grand Jury by his father, Salvatore Esposito. As this court has already stated, the government is not required to make an initial showing of need before subpoenaing a witness to appear before a Grand Jury. *See United States v. Esposito,* 633 F.Supp. 544, 546 (S.D.N.Y. 1986). Furthermore, even if a showing of need was required, a very slight need would justify the issuance of the subpoena. *See id.* at 546 n. 2. More importantly, however, the testimony of Salvatore Esposito was given over two months after Michael Esposito's defiance of a valid court order directing him to testify. Accordingly, any alleged suppression of the elder Esposito's testimony cannot be deemed material under the *Brady* rule.

## CONCLUSION

The defendant's motion to vacate his conviction and dismiss the underlying indictment is denied.

SO ORDERED.

---

S.Ct. 2931, 53 L.Ed.2d 1066 (1977). Rather, the defendant must be faced "with a specific threat of death or substantial bodily injury in the immediate future." *United States v. Bifield,* 702 F.2d 342, 346 (2d Cir.), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983). At the pretrial conference of May 22, 1986, this court found that Esposito was not confronted with any specific fear of immediate future injury. By definition, the defense of duress must look to the the defendant's personal knowledge and state of mind at the time he was subject to the alleged duress. As this court previously stated, the logic of supporting a defense of duress with discovery of facts unknown at the

time of the alleged duress is elusive. *See* Tr. of May 22, 1986 at 3. The defendant, however, offers the new information in an effort to corroborate his claim of specific fear of immediate bodily injury which this court had rejected at the May 22, 1986 conference. Nevertheless, even if this element of the defense is satisfied, the defendant has still failed to satisfy the remaining elements of the defense.

6. The defendant has alleged that the government made no offer to protect the defendant or his relatives. *See* Defendant's memo. at 2. The record clearly shows this claim is specious.