UNITED STATES of America, Appellant,

v.

Benjamin ADUBOFOUR,
Defendant–Appellee.

No. 938, Docket 92–1563.

United States Court of Appeals,
Second Circuit.

Submitted March 9, 1993.

Decided July 23, 1993.

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, NY (David C. James, Julie E. Katzman, Asst. U.S. Attys., of counsel), for appellant.

Gagliardi, Torres & Gersten, P.C. (Peter A. Gersten, Bronx, NY, of counsel), for defendant-appellee.

Before: TIMBERS, KEARSE, and PRATT, Circuit Judges.

PER CURIAM:

The United States appeals from a final judgment of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, *Judge,* convicting defendant Benjamin Adubofour, following his plea of guilty, on one count of importing heroin, in violation of 21 U.S.C. § 952(a) (1988), and sentencing him principally to 30 months' imprisonment, to be followed by three years' supervised release. In sentencing Adubofour, the district court departed downward from the prescribed federal Sentencing Guidelines ("Guidelines") range on grounds relating to Adubofour's status as an alien, relying on the then-recent opinion in *United States v. Restrepo,* 802 F.Supp. 781 (E.D.N.Y.1992), a decision we have reversed today, *see United States v. Restrepo,* 999 F.2d 640 (2d Cir.1993) (*"Restrepo "*). Finding the present circumstances to be even less suitable for departure than the circumstances we found insufficient in *Restrepo,* we vacate the district court's judgment and remand for resentencing.

Adubofour was a citizen and resident of Ghana whose only ties to the United States were his engagement to a resident of Massachusetts and one prior visit to the United States. On November 26, 1991, he was arrested after his arrival at John F. Kennedy International Airport in New York from Ghana, with some 105 balloons, containing 469.1

---

grams of a substance that was 66% heroin, in his digestive system. Indicted on one count of importation of heroin, in violation of 21 U.S.C. § 952(a), *id.* § 960(a)(1) (1988), and *id.* § 960(b)(2)(A) (1988 & Supp. II 1990); and one count of possession of heroin, in violation of 21 U.S.C. § 841(a)(1) (1988), and *id.* § 841(b)(1)(B)(i) (1988 & Supp. II 1990), Adubofour pleaded guilty to the importation count in full satisfaction of the charges against him.

The Probation Department's Presentence Report prepared on Adubofour calculated that his total offense level, after various adjustments, was 22. For a defendant with Adubofour's criminal history category and an offense level of 22, the Guidelines prescribed imprisonment of 41–51 months. At the sentencing hearing, however, the district court *sua sponte* noted that since Adubofour was an alien, (1) he would be deported as a result of his conviction, (2) he would be separated from his United States fiancée upon his deportation, and (3) he would be ineligible to serve the latter part of his sentence at a halfway house. The court stated that it would depart downward one level on a ground not challenged here, and two additional levels "[f]or all of the reasons ... that Judge Korman had mentioned in his opinion" in *United States v. Restrepo*, 802 F.Supp. 781. (Sentencing Transcript, August 21, 1992, at 6.) Thus arriving at an offense level of 19, the court sentenced Adubofour principally to 30 months' imprisonment.

In *Restrepo*, the alien defendant, convicted of importing heroin under circumstances paralleling those of Adubofour, was subject to the same set of collateral consequences as Adubofour. The personal consequences of deportation for Restrepo were, however, more severe, as at the time of his offense, he was married to a United States citizen with whom he had had three children, and he was a lawful resident of the United States, having been granted the status of conditional permanent resident alien. We held that neither these personal circumstances nor the collateral consequences of Restrepo's conviction on account of his being a deportable alien could justify the sentencing court's departure from the imprisonment range prescribed by the Guidelines. *A fortiori* Adubofour's less compelling personal circumstances, to wit, his engagement to a United States resident and his one prior visit to the United States, are insufficient to warrant such a departure.

Accordingly, we vacate the judgment of conviction and remand for resentencing not inconsistent with the foregoing and with our opinion in *Restrepo*.