**Joseph P. NAPOLI, Marty Gabe, Dennis Rella, Alan Weinstein and Harold Fishman, Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

Nos. 1362, 1366, Dockets 93–2587, 93–2593, 93–2594, 93–2700, and 93–2704.

United States Court of Appeals, Second Circuit.

Argued May 18, 1994.

Decided Aug. 4, 1994.

32

Joseph P. Napoli, pro se.

Martin J. Siegel, New York City, for petitioner-appellant Marty Gabe.

Richard E. Mischel, New York City, for petitioner-appellant Dennis Rella.

Ronald DePetris, New York City, for petitioner-appellant Alan Weinstein.

Steven R. Kartagener, New York City, for petitioner-appellant Harold M. Fishman.

Faith E. Gay, Sp. Asst. U.S. Atty., Brooklyn, NY (Zachary W. Carter, U.S. Atty. E.D.N.Y., Emily Berger, Asst. U.S. Atty., of counsel), for appellee.

Before: MESKILL, MINER and MAHONEY, Circuit Judges.

MINER, Circuit Judge:

Petitioners-appellants Joseph Napoli, Harold Fishman, Marty Gabe, Dennis Rella and Harold Weinstein appeal from an August 31, 1993 order of the United States District Court for the Eastern District of New York (Sifton, J.), denying their motions, brought pursuant to 28 U.S.C. § 2255, to vacate and set aside their convictions. Appellants were convicted, following a jury trial, of conducting, and of conspiring to conduct, the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and 1962(d). In their section 2255 motions, appellants contended that the district court's charge on the element of section 1962(c) requiring that the defendant "conduct or participate, directly or indirectly, in the conduct" of the affairs of the RICO enterprise, a charge based upon the settled law of this Circuit, see *United States v. Scotto*, 641 F.2d 47 (2d Cir.1980), *cert. denied*, 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981), was incorrect under the Supreme Court's recent decision in *Reves v. Ernst & Young*, —— U.S. ——, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993). The district court denied the motions, concluding that (1) there was no procedural bar to the habeas applications; (2) the charge given satisfied *Reves;* and (3) any error was, at most, harmless. For the reasons that follow, we affirm.

## BACKGROUND

The convictions in this case arose from appellants' involvement in Morris J. Eisen, P.C., a large Manhattan law firm that specialized in personal injury suits. Napoli and Fishman were trial attorneys who were "Of Counsel" to the Eisen firm, with Napoli being the main trial attorney for the firm. Gabe, Rella and Weinstein were private investigators affiliated with the firm who assisted with trial preparation.

In our opinion affirming the convictions in this case, we summarized the evidence as follows:

> The evidence at trial established that the defendants conducted the affairs of the Eisen law firm through a pattern of mail fraud and witness bribery by pursuing counterfeit claims and using false witnesses in personal injury trials, and that the Eisen firm earned millions in contingency fees from personal injury suits involving fraud or bribery. The methods by which the frauds were accomplished included pressuring accident witnesses to testify falsely, paying individuals to testify falsely that they had witnessed accidents, paying unfavorable witnesses not to testify, and creating false photographs, documents, and physical evidence of accidents for use before and during trial. The Government's proof included the testimony of numerous Eisen firm attorneys and employees as well as Eisen firm clients, defense attorneys, and witnesses involved in fraudulent personal injury suits. Transcripts, correspondence, and trial exhibits from the fraudulent personal injury suits were also introduced.

*United States v. Eisen*, 974 F.2d 246, 251 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1841, 123 L.Ed.2d 467 (1993).

> The jury considered illegal acts committed in eighteen personal injury lawsuits in which the plaintiffs were represented by the Eisen firm. Appellants were found guilty of racketeering acts involving the following cases:

> Napoli: *Ferri, Mulnick, Robbins, Rehberger*

> Fishman: *Aboud, Schwartz, Tuning, Nieves*

> Rella: *Miceli, Rehberger, Schwartz*

> Gabe: *Robbins, Stanton, Nieves*

> Weinstein: *Aboud, Schwartz, Tuning, Nieves, Metrano*

*Id.*

At trial, the district court charged the jury on the substantive RICO violation as follows:

> [T]he prosecution must show that the defendant whose case you are considering *knowingly and intentionally conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity. . . .*

> Simply put, the prosecution must prove that there is a meaningful connection be-

tween the pattern of racketeering activity and the affairs of the enterprise, that is, that the defendant knew of the existence of the enterprise and intended that its affairs be furthered by the defendant engaging in a pattern of racketeering activity.

. . . .

*The prosecution is not required to prove that the defendant participated in the management or control of the enterprise.* The prosecution is, however, required to prove that the defendant's actions were related to the enterprise and that those acts were known to and were intended to further the affairs of the enterprise and did in fact further the affairs of the enterprise.

The prosecution need not prove, as the statute indicates, that the defendant directly participated in the conduct of the affairs of the enterprise. It must prove, however, that the defendant either directly or indirectly conducted or participated in the conduct of the enterprise's affairs through the pattern of racketeering activity.

J.A. at 33–34 (emphasis supplied).

The portion of the charge in which the district court instructed the jury that it need not find that the defendants participated in the management or control of the enterprise was, *at the time it was given*, a correct statement of the law of this Circuit under our decision in *Scotto,* 641 F.2d at 54. None of the appellants challenged the charge. On direct appeal, appellants raised numerous challenges to their convictions, all of which were rejected by this Court in an August 17, 1992 opinion. 974 F.2d 246.

On October 13, 1992, *Reves v. Ernst & Young,* —— U.S. ——, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), was argued to the Supreme Court, which rendered its decision in that case on March 3, 1993. Settling a split among the circuits, *compare Bennett v. Berg,* 710 F.2d 1361, 1364 (8th Cir.) (en banc) (adopting "operation or management" test), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983) *with Bank of Am. Nat'l Trust & Sav. Assn. v. Touche Ross & Co.,*

782 F.2d 966, 970 (11th Cir.1986) (rejecting same test), and overruling in part our decision in *Scotto,* the Court answered in the affirmative the question "whether one must participate, in the operation or management of the enterprise itself to be subject to liability under [18 U.S.C. § 1962(c) ]." —— U.S. at ——, —— – ——, 113 S.Ct. at 1166, 1172–73.

None of the petitioners, except Napoli, challenged the propriety of the jury charge on direct appeal. Napoli apparently noted in his reply brief that certiorari had been granted in *Reves.* He also noted this fact in his petition for rehearing to this Court and in his petition for certiorari. On April 8, 1993, about one month after the Court decided *Reves,* Fishman apparently filed a supplemental petition for certiorari,[1] requesting that *Reves* be applied to his case. The Supreme Court denied each of appellants' petitions for certiorari. —— U.S. ——, 113 S.Ct. 1841, 123 L.Ed.2d 467 (Apr. 19, 1993) (Napoli, Rella, Weinstein and Fishman); —— U.S. ——, 113 S.Ct. 1619, 123 L.Ed.2d 178 (Mar. 22, 1993) (Gabe).

During the Summer of 1993, appellants moved the district court, pursuant to 28 U.S.C. § 2255, to vacate and set aside their convictions, arguing that the district court's charge was incorrect in light of *Reves.* On August 28, 1993, the district court denied the motions, finding that (1) there was no procedural bar to the section 2255 applications; (2) the charge given satisfied *Reves;* and (3) any error was, at most, harmless. This appeal followed.

## DISCUSSION

### 1. *Reves v. Ernst & Young*

Under section 1962(c), it is illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." *Reves* involved

---

1. The Government asserts that it could not locate this supplemental petition, and Fishman has not

presented it to this Court.

a civil RICO action brought by the trustee in bankruptcy of a farming cooperative against outside accountants who allegedly filed false financial statements for the cooperative, the charged enterprise. The district court in that case dismissed the section 1962(c) claim because the plaintiffs had failed to demonstrate that the accountants had participated in the operation or management of the enterprise, as required under the Eighth Circuit's interpretation of the provision.

The Supreme Court agreed with the Eighth Circuit's interpretation. First, the Court concluded that the word "conduct," as it was used in the provision, required that the defendant exercise some degree of direction over the affairs of the enterprise. — U.S. at ——–——, 113 S.Ct. at 1169–70. The Court then reasoned,

> Once we understand the word "conduct" to require some degree of direction and the word "participate" to require some part in that direction, the meaning of § 1962(c) comes into focus. In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one must have some part in directing those affairs. Of course, the word "participate" makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs, just as the phrase "directly or indirectly" makes clear that RICO liability is not limited to those with a formal position in the enterprise, but *some* part in directing the enterprise's affairs is required. The "operation or management" test expresses this requirement in a formulation that is easy to apply.

*Id.* at ——, 113 S.Ct. at 1170 (footnote omitted).

The Court further recognized that liability under section 1962(c) was not limited to "upper management," noting that "[a]n enterprise is 'operated' not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management." *Id.* at ——, 113 S.Ct. at 1173. However, the Court declined to decide "how far § 1962(c) extends down the ladder of operation" because it was clear that the accountants in that case were not acting under the direction of the cooperative's officers or board. *Id.* n. 9.

The Government argues that the instructions given by the district court in this case, taken as a whole, are consistent with *Reves.* Because the district court instructed the jury that the prosecution was not required to prove that the defendants participated in the management or control of the enterprise, we will assume for purposes of this appeal that the instructions were erroneous. Nevertheless, we conclude that Napoli and Fishman cannot show that any error in the instructions resulted in a complete miscarriage of justice such as would justify relief under section 2255, and Gabe, Rella and Weinstein cannot demonstrate cause for failing to challenge the instruction on direct appeal.

### 2. *Napoli and Fishman*

██ As we have noted, none of the appellants objected to the RICO instructions at trial, and only Napoli and Fishman challenged the instructions before their direct appeals were exhausted. Even if we assume that Napoli and Fishman preserved their challenges, we must bear in mind that not "every asserted error of law can be raised on a § 2255 motion." *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974). The grounds provided in section 2255 for collateral attack on a final judgment in a federal criminal case are narrowly limited, and it has "long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). As a general rule, "relief is available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Hardy v. United States,* 878 F.2d 94, 97 (2d Cir.1989) (quoting *Addonizio,* 442 U.S. at 185, 99 S.Ct. at 2240 (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962))). We conclude that, as to Napoli and Fishman, any error of law committed by the district court in charging the jury was not such a

fundamental defect giving rise to a complete miscarriage of justice as to support a collateral attack.

Under the plain error rule applicable to the review on direct appeal of challenges not raised at trial, we have held that a jury instruction which omits an element of the offense does not warrant reversal if the element was proven by overwhelming evidence. *See United States v. Tillem,* 906 F.2d 814, 824–25 (2d Cir.1990). In *Tillem,* we were faced with a challenge to a RICO instruction that failed to require that the predicate acts be interrelated and continuous. We concluded that, although the charge would have been reversible error had it been objected to at trial, reversal was not warranted under the plain error rule because the proof overwhelmingly established that the predicate acts were interrelated and continuous. *Id.* at 825. On the state of the record in that case, we found that "any error resulting from the deficient instructions did not affect the fundamental fairness of the trial." *Id.; see also Ianniello v. United States,* 10 F.3d 59, 63–65 (2d Cir.1993) (defective instruction did not warrant relief on § 2255 motion in light of overwhelming evidence).

Similarly, in *United States v. Thai,* 29 F.3d 785, 816–17 (2d Cir.1994), we rejected the appellant's challenge to a RICO instruction that allegedly did not comply with *Reves.* In that case, the proof at trial demonstrated that the appellant had played some part in directing the affairs of the charged enterprise. The plain error analysis applied in *Tillem* and *Thai* applies *a fortiori* here, since the plain error standard, under which we will correct an error that is "plain," "affect[s] substantial rights" and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano,* —— U.S. ——, ——, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993) (quoting *United States v. Atkinson,* 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936)) (alteration in *Olano* ), is less stringent than the section 2255 standard. Here, Napoli and Fishman cannot show that any error amounted even to plain error, let alone surmount the higher burden of showing that the error amounted to "a

fundamental defect which inherently results in a complete miscarriage of justice."

In this case, there was overwhelming evidence presented to the jury that Napoli and Fishman played some part in directing the affairs of the charged enterprise. Although Napoli and Fishman contend that they were no more than outside, "Of Counsel," attorneys to the Eisen firm, the evidence demonstrated that they were not merely providing peripheral advice, but had participated in the core activities that constituted the affairs of the Eisen firm, namely, trying cases and obtaining settlements. *Cf. Azrielli v. Cohen Law Offices,* 21 F.3d 512, 521–22 (2d Cir. 1994) (defendant who merely acted as attorney in allegedly fraudulent real estate transactions did not participate in management or control of RICO enterprise). Moreover, they discharged their responsibility through a pattern of illegal acts. In the *Ferri, Mulnick, Robbins* and *Rehberger* cases, the jury found that Napoli had procured false testimony through bribery, fabricated testimony for witnesses at trial and suborned perjury. The jury also found that Fishman had bribed witnesses, committed mail fraud and instructed witnesses to testify falsely in connection with the *Aboud, Schwartz, Tuning* and *Nieves* cases.

As attorneys for the Eisen law firm with primary responsibility for the actual litigation of lawsuits, Napoli and Fishman exercised a significant degree of direction over the affairs of the enterprise. Their role plainly involved participating in the control or management of the firm, within the definition of *Reves.* On the record in this case, we conclude as we did in *Tillem* that the challenged instruction did not "affect the fundamental fairness of the trial." 906 F.2d 814. That being so, we must conclude that the instruction did not amount to a "fundamental defect which inherently results in a complete miscarriage of justice" warranting relief under section 2255.

### 3. Gabe, Rella and Weinstein

 Unlike Napoli and Fishman, Gabe, Rella and Weinstein failed to raise their challenges on direct appeal. Accordingly, our review of their challenges is more limited. It

is settled that a procedural default of even a constitutional issue will bar review under section 2255 unless the petitioner can show cause excusing the default and actual prejudice resulting from the challenged error. *Campino v. United States,* 968 F.2d 187, 189–90 (2d Cir.1992); *see also United States v. Frady,* 456 U.S. 152, 166–68, 102 S.Ct. 1584, 1593–95, 71 L.Ed.2d 816 (1982).

Relying on our decision in *Ingber v. Enzor,* 841 F.2d 450, 454–55 (2d Cir.1988), these appellants argue that it would have been futile to raise their challenges on direct appeal in light of the settled law in this Circuit, and that this futility should excuse their default. While it may have been futile to raise the challenges in the district court, inasmuch as that court was bound by our precedents, we do not believe that it would have been futile to raise the challenges on direct appeal, and it certainly would not have been futile for these appellants to include the challenges in their petitions for certiorari.

In *Ingber,* we were faced with a defendant who sought to collaterally attack his conviction on a section 2255 motion after the Supreme Court interpreted the mail fraud statute, 18 U.S.C. § 1341, in a way that was favorable to him. 841 F.2d at 452–53. The Supreme Court's decision was handed down after the defendant had exhausted his direct appeals and followed a decade of consistent precedent to the contrary in this Court and numerous other circuit courts. *Id.* at 454. We concluded that any attempt to raise the issue on direct appeal would have been "patently futile." *Id.* at 455. By contrast, there were several stages in the litigation at which Gabe, Rella and Weinstein could have raised their challenges to the jury instruction. As Napoli had done, they could have brought to this Court's attention that other circuits disagreed with our analysis in *Scotto* and that the Supreme Court had granted certiorari in *Reves* to resolve the split among the circuits on the construction of section 1962(c). Moreover, they could have raised the challenges in their petitions for certiorari, as did Fishman; given the split among the circuits, a factor not present in *Ingber,* and the fact that certiorari had been granted in *Reves,* it would have been anything but futile to do so. Ac-

cordingly, we must conclude that Gabe, Rella and Weinstein have not shown cause to be relieved from their procedural default and thus are not entitled to the relief they seek.

## CONCLUSION

The order of the district court is affirmed.