Joseph P. NAPOLI, Marty Gabe, Dennis Rella, Alan Weinstein and Harold Fishman, Petitioners–Appellants,

v.

UNITED STATES of America, Respondent–Appellee.

Nos. 1363 through 1365, Dockets 93–2593, 93–2594 and 93–2700.

United States Court of Appeals, Second Circuit.

Submitted Nov. 15, 1994.

Decided Jan. 24, 1995.

Richard E. Mischel, New York City, for petitioner-appellant Dennis Rella.

Ronald E. DePetris, New York City, for petitioner-appellant Alan Weinstein.

Susan Corkery, Asst. U.S. Atty., Brooklyn (Zachary W. Carter, U.S. Atty., E.D.N.Y., Emily Berger, Asst. U.S. Atty., Brooklyn, NY, of counsel) for respondent-appellee.

Before: MESKILL, MINER and MAHONEY, Circuit Judges.

## PETITIONS FOR REHEARING

MINER, Circuit Judge:

### I.

All the appellants named in the caption filed petitions for rehearing following our judgment affirming the order of the United States District Court for the Eastern District of New York (Sifton, *J.*) denying their motions, brought pursuant to 28 U.S.C. § 2255, to vacate and set aside their convictions. Familiarity with the opinion giving rise to our judgment is assumed. *See Napoli v. United States,* 32 F.3d 31 (2d Cir.1994). Familiarity with our opinion affirming the judgments of conviction and sentence of the appellants on direct appeal in the underlying criminal case also is assumed. *See United States v. Eisen,* 974 F.2d 246 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1841, 123 L.Ed.2d 467 (1993). We have summarily denied the rehearing petitions of Napoli and Fishman and therefore address only the petitions of Gabe, Rella and Weinstein ("Petitioners"), recounting only the facts that bear upon the issues presented in their petitions.

### II.

The petitioners were private investigators employed by or affiliated with the law firm of Morris J. Eisen, P.C. They assisted the firm's attorneys in preparing for trial cases involving false witnesses, fabricated evidence and counterfeit claims. They were found guilty of various racketeering acts, and we affirmed their RICO convictions on direct appeal. In their § 2255 motions, these petitioners challenged the instruction advising the jury that "[t]he prosecution is not re-

Martin J. Siegel, New York City, for petitioner-appellant Marty Gabe.

quired to prove that the defendant participated in the management or control of the [RICO] enterprise." The challenge was based on the ruling in *Reves v. Ernst & Young,* —— U.S. ——, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), requiring proof of some degree of direction, or some part in the direction, of a criminal enterprise in order to support a RICO conviction. The challenged jury instruction met no objection at trial, but the *Reves* case was not decided until after the direct appeal was concluded adversely to petitioners in this court. The instruction was correct under the law of this circuit when given, *see United States v. Scotto,* 641 F.2d 47 (2d Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3109, 69 L.Ed.2d 971 (1981). *Reves* effectively overruled our determination in *Scotto* that proof of participation in the management or control of an enterprise is not necessary for a RICO conviction.

The statute at issue in both *Reves* and *Scotto* makes it illegal

> for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c). The *Reves* decision arose out of a civil RICO action brought by the bankruptcy trustee of a farming cooperative, the alleged enterprise, against an outside accountant alleged to have filed false financial statements for the cooperative. The Supreme Court concluded that the claim failed because there was no proof that the accountant participated in the management or control of the enterprise. In arriving at that conclusion, the Court undertook an interpretation of the words "conduct" and "participate" in the context of section 1962(c):

> Once we understand the word "conduct" to require some degree of direction and the word "participate" to require some part in that direction, the meaning of § 1962(c) comes into focus. In order to "participate, directly or indirectly, in the conduct of such enterprise's affairs," one

must have some part in directing those affairs.

*Reves,* —— U.S. at ——, 113 S.Ct. at 1170.

In rejecting the § 2255 motions of the petitioners, we found it unnecessary to review the merits of their claims because we determined that such a review was barred by procedural defaults on their part. *See Campino v. United States,* 968 F.2d 187, 189–90 (2d Cir.1992). Finding that no objection was made at trial or on appeal to the instruction that management and control need not be proven, we concluded as follows:

> While it may have been futile to raise the challenges in the district court, inasmuch as that court was bound by our precedents, we do not believe that it would have been futile to raise the challenges on direct appeal, and it certainly would not have been futile for these appellants to include the challenges in their petitions for certiorari.

32 F.3d at 37. Accordingly, we determined that the petitioners' claims were procedurally defaulted and that there was no showing of cause to be relieved from the defaults. *Id.*

### III.

On this petition for rehearing, petitioners argue that we overlooked the fact that each of them raised the *Reves* issue in connection with his direct appeal. Whether we overlooked the fact or whether it never was brought to our attention need not detain us at this point. Suffice it to say, the petitioners now claim that each preserved his objection by joining in the briefs of the co-defendants (including the brief of defendant Napoli, who raised the issue in his reply brief), *see* Fed.R.App.P. 28(i), and by either filing briefs supplemental to their certiorari petitions after *Reves* was decided or by joining in other certiorari petitions and supplements making reference to *Reves.* We stand corrected on the factual matter brought to our attention. For the purpose of deciding this case, we pass the question of whether the issue properly was raised in a reply brief, *see United States v. Gigante,* 39 F.3d 42, 50 n. 2 (2d Cir.1994), or in briefs supplemental to certiorari petitions. We shall assume for the purpose of this rehearing petition that the issue properly was raised on appeal and that the

only procedural default was the failure to object to the instruction given at trial.

## IV.

In *United States v. Viola*, 35 F.3d 37 (2d Cir.1994), a case that also involved an unobjected-to instruction correct under *Scotto* but erroneous under *Reves* (which was decided while the direct appeal was pending) we adopted a modified plain error rule:

> When the source of plain error is a supervening decision, the defendant has not been derelict in failing to object at trial, and there is thus no cause to shift the burden of proving prejudice to the defendant. In this special context, as in harmless error under Rule 52(a), the government must show that the error did not affect the defendant's substantial rights.

*Id.* at 42.

 If the case presently before us were on direct appeal, we would of course be constrained to apply the foregoing rule. We see no reason to do so here, however, because we are confronted with a collateral attack based on a case that was decided after the direct appeal was concluded. We see no reason under the circumstances to shift the usual burden from the petitioners to the government. The burden therefore falls upon petitioners to demonstrate their entitlement to relief under § 2255 in this case based on "an error of law that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Hardy v. United States*, 878 F.2d 94, 97 (2d Cir.1989) (quoting *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962))). That test was not met here. For the reasons that follow, petitioners' challenges fail even under the lesser requirements of plain error analysis. *See United States v. Thai*, 29 F.3d 785 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 456, 130 L.Ed.2d 364 (1994).

Of significant importance to our ultimate determination in this case is the following statement in *Reves:*

We agree that liability under § 1962(c) is not limited to upper management, but we disagree that the "operation or management" test is inconsistent with this proposition. An enterprise is "operated" not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management.

*Reves,* —— U.S. at ——, 113 S.Ct. at 1173. The Court went on to say: "We need not decide in this case how far § 1962(c) extends down the ladder of operation because it is clear that [the outside accountant] was not acting under the direction of the Co-op's officers or board." *Id.* at —— n. 9, 113 S.Ct. at 1173 n. 9.

We have no difficulty in finding that the petitioners herein were "lower-rung participants" whose activities were conducted "under the direction of upper management." The managers were the lawyers who litigated and settled the fraudulent lawsuits. The petitioners were investigators who provided substantial assistance to the lawyers who conducted the nefarious enterprise. They were therefore involved in playing a part in the direction of the affairs of the enterprise within the meaning of *Reves*. They "were thoroughly indoctrinated participants in the criminal activities of the [Eisen law firm]." *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir.1994).

Petitioner Gabe carried out instructions from the law firm principals and exercised broad discretion in doing so. In one case he followed the directions of the trial attorney, Fishman, to bribe a witness not to testify and assisted Fishman in instructing two witnesses to testify falsely. In another case, he was instructed by Morgenti, the office manager, to photograph a pothole that supposedly gave rise to a personal injury claim and took it upon himself to enlarge the pothole before photographing it. Weinstein attempted to bribe a witness to testify falsely in one case, and in two cases helped Fishman coach witnesses on false testimony. Clearly, Gabe and Weinstein were high up on the "ladder of operation" and were guilty of the substantive RICO charges on which they were convicted. Petitioner Rella was convicted only on the

RICO conspiracy charge, and that conviction is unaffected by the *Reves* error. *See United States v. Viola*, 35 F.3d at 43. *Reves* likewise does not affect the conspiracy convictions of Gabe and Weinstein.

The evidence of guilt of these petitioners of the RICO offenses with which they were charged was overwhelming. The erroneous instruction on management and control, in light of that evidence, cannot be characterized as a fundamental defect that inherently gives rise to a complete miscarriage of justice. The motion for § 2255 relief therefore properly was denied.

### V.

The petitions for rehearing filed by Gabe, Rella and Weinstein are granted, and upon rehearing, we correct the factual inaccuracies in our original opinion but adhere to our previous determination.