**Michael Garth CALDER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 95–CV–1311.

United States District Court, N.D. New York.

March 8, 1996.

Michael Calder, Fort Dix, New Jersey, Petitioner Pro Se.

Thomas J. Maroney, United States Attorney, Michael C. Olmstead, Assistant U.S. Attorney, Northern District of New York, Syracuse, New York, for Respondent.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Presently before the court is petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255. Specifically, petitioner seeks a downward departure from the imprisonment range prescribed by the sentencing guidelines and an order amending his sentence to run concurrently with a sentence that he is serving in an unrelated case. For the reasons set forth in this Memorandum–Decision and Order, petitioner's motion is denied.

### BACKGROUND

In a one-count indictment, petitioner was charged with Illegal Reentry by a Previously Deported Alien, in violation of 8 U.S.C. § 1326. July 11, 1993 Indictment, Document ("Doc.") 5 in Case Number ("No.") 93–CR–254. Prior to sentencing on the Illegal Reentry charge, petitioner was arrested on a federal charge for using false identification to reenter the United States from Canada. Petitioner pled guilty to the latter charge in the United States District Court for the Western District of New York and was sentenced to 7 months in prison. Petitioner's Sentencing Memorandum ("Mem.") of Law, Doc. 21 in Case No. 93–CR–254, at 2. Subsequently, petitioner was sentenced by this court on the illegal reentry charge to 42 months imprisonment, to run consecutively to the sentence imposed in the Western District of New York. November ("Nov.") Minute Entry, Doc. 29 in Case No. 93–CR–254.

### DISCUSSION

Petitioner brought the instant motion as one for "modification" of his sentence pursuant to 18 U.S.C. § 3582(c), "in conjunction" with 28 U.S.C. § 2255. Petitioner's Motion for Modification of Sentence ("Petitioner's Motion"), Doc. 1 in Case No. 95–CV–1311. Because petitioner is proceeding pro se, the court must give him "every reasonable opportunity to demonstrate a valid complaint," *Gould v. Russi*, 830 F.Supp. 139, 142 (N.D.N.Y.1993) (McCurn, S.J.) (citing *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991); *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991)), and "must hold pro se complaints to a less rigorous standard than it would hold formal pleadings drafted by lawyers." *Gould*, 820 F.Supp. at 142 (citations omitted).

In this regard, the court notes that the instant motion cannot be properly based on section 3582(c). Relief under that section of the statute, when the motion is brought by a defendant, is available only 1) when the relevant sentencing guidelines have been

amended; or 2) to correct a sentence within 7 days after the imposition of a sentence, pursuant to Fed.R.Crim.P. 35(c). 18 U.S.C. § 3582(c)(1) and (2). Petitioner does not challenge his sentence based upon an amendment to the Federal Sentencing Guidelines. With regard to Rule 35(c), the court cannot entertain a motion to correct the sentence at this late date because such motions must be *decided* within 7 days from sentencing. *United States v. Abreu–Cabrera*, 64 F.3d 67, 73 (2nd Cir.1995) ("According to Rule 35(c), the correction must be made within seven days of the 'imposition of sentence.'") (citations omitted). Petitioner was sentenced by the court November 18, 1994. He filed the instant motion nearly one year later on September 14, 1995. Petitioner's Motion, Doc. 1 in Case No. 95–CV–1311. Because petitioner does not state an appropriate claim under section 3582(c), the court shall treat the instant motion as one based solely on 28 U.S.C. § 2255.

### A.  Procedural Bar

■ The court must first determine whether petitioner is procedurally barred from bringing the instant motion. "It is well-settled that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Billy–Eko v. United States*, 8 F.3d 111, 113–14 (2d Cir.1993) (*citing United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). *See also Douglas v. United States*, 13 F.3d 43, 46 (2d Cir.1993); *Campino v. United States*, 968 F.2d 187, 190 (2d Cir.1992). In the case at bar, the issue is whether petitioner is precluded from seeking relief under section 2255 because there was no direct appeal taken from the judgment. In a recent decision, *United States v. Pipitone*, 67 F.3d 34 (2d Cir.1995), the Second Circuit answered that question when the Court held that a petitioner must show "cause and prejudice" if there is a "complete failure to take a direct appeal." *Id.* at 38 (citing *Scott v. United States*, 997 F.2d 340, 342 (7th Cir.1993)).

Petitioner did not file a direct appeal in the criminal action underlying the instant section 2255 motion and has not stated any reason for the failure to file an appeal. Absent the requisite showing of cause and prejudice, petitioner's collateral attack on the sentence is procedurally barred. *Pipitone*, 67 F.3d at 38. Therefore, the court denies petitioner's motion to correct the sentence. Assuming, arguendo, that petitioner's motion is not procedurally barred, the court will address the substance of the motion.

### B.  Substantive Arguments

■ Petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief in a collateral attack on his conviction under section 2255. *United States v. DiCarlo*, 575 F.2d 952, 955 (1st Cir.1978). Petitioner carries the same burden in showing that he is entitled to an evidentiary hearing. *Id.* The court may summarily dismiss the motion based upon a review of the record, moving papers and any attached exhibits and affidavits "[i]f it plainly appears ... that the movant is not entitled to relief." Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code ("Rules Governing § 2255 Proceedings").

■ In making a determination whether to hold a hearing or summarily dismiss a section 2255 motion, the court may rely on its own recollections and observations. *Polizzi v. United States*, 926 F.2d 1311 (2d Cir.1991). Indeed, "[o]ne of the purposes for which Congress passed Section 2255 was to make use of the personal observations of the trial judge of trial occurrences in ruling upon attacks on convictions because of such occurrences." *Panico v. United States*, 412 F.2d 1151, 1155–56 (2d Cir.1969), *cert. denied*, 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970) (citations omitted). Because the record conclusively shows that petitioner is not entitled to relief, the court's decision is made without the benefit of a hearing. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing § 2255 Proceedings.

■ The limited grounds upon which a petitioner may collaterally attack a sentence

under section 2255 are well established. "A collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), and citing *Napoli v. United States,* 32 F.3d 31, 35 (2d Cir.1994), *modified on other grounds,* 45 F.3d 680 (1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 900, 130 L.Ed.2d 784 *and cert. denied,* —— U.S. ——, 115 S.Ct. 1796, 131 L.Ed.2d 724, *and cert. denied,* —— U.S. ——, 115 S.Ct. 2015, 131 L.Ed.2d 1014 (1995); *Hardy v. United States,* 878 F.2d 94, 97 (2d Cir.1989)).

### i. Deportable Alien Status

■ Petitioner first seeks a downward departure from the imprisonment range prescribed by the Sentencing Guidelines on the ground that his status as a deportable alien renders him ineligible for alternative forms of confinement, such as serving the latter part of his sentence in a halfway house or home confinement. Petitioner's Motion, Doc. 1 in Case No. 95–CV–1311, at 1.

The United States Bureau of Prisons, acting within its discretion, established a policy in which a deportable alien is "ineligible (a) to serve his sentence in a minimal security facility, and (b) to serve a part of the last 10% of his sentence in a community custody program such as a halfway house or home confinement." *United States v. Restrepo,* 999 F.2d 640, 642–43 (2d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993) (citing *Bureau of Prisons, Program Statement 5100.4: Security Designation and Custody Classification Manual 7* (1992)).

Petitioner invokes *United States v. Smith,* 27 F.3d 649 (D.C.Cir.1994). In that case, the Court held that "a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence," but left to the discretion of the trial court the decision whether departure was appropriate under the circumstances. *Id.* at 655.

In this Circuit however, the Court of Appeals has held that the unavailability of alternative forms of confinement for deportable aliens, such as reassignment to a minimum-security facility, "is ... an inappropriate basis for departure [from the Federal Sentencing Guidelines imprisonment range]." *Restrepo,* 999 F.2d at 645–46; *accord United States v. Adubofour,* 999 F.2d 639 (2d Cir. 1993) (fact that alien subject to deportation upon release from prison would be ineligible to serve latter part of sentence at halfway house insufficient basis to warrant downward departure). It would be improper, in the Second Circuit, for a court to modify a deportable alien's sentence based on the fact that he is not eligible for alternative forms of confinement. Thus, petitioner's motion to correct his sentence on this ground is denied.

### ii. Consecutive Sentence

■ Petitioner also asks the court to amend its sentencing order to allow the sentence imposed by this court to run concurrently with a sentence that he is serving in an unrelated case. The issue was briefed by the parties, *see* Nov. 20, 1994 Letter Brief from Neal P. Rose, Esq., Doc. 31 in Case No. 93–CR–254, and was fully considered by this court at petitioner's sentencing. Inasmuch as petitioner's prior conviction in the Western District of New York for making a false statement was not a factor in this court's determination of the sentence under the sentencing guidelines, the decision to impose a consecutive sentence was well within this court's discretion pursuant to 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(c). *See also United States v. Whiteley,* 54 F.3d 85, 88–90 (2d Cir.1995) (U.S.S.G. § 5G1.3(c) policy statement does not limit court's statutory discretion to impose concurrent or consecutive sentences). The court's decision thus does not constitute a constitutional error or an error of law constituting a "fundamental defect which inherently results in a complete miscarriage of justice." *Bokun,* 73 F.3d at 12.

For these reasons, the court also denies petitioner's motion to correct the sentence on this ground.

## CONCLUSION

For the reasons stated above, petitioner's motion to correct the sentence pursuant to 28 U.S.C. § 2255 is DENIED, and Case No. 95–CV–1311 is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to enter judgment against petitioner, and in favor of respondent.

It is so ORDERED.