**Nicholas GIO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 97 C 2824.

United States District Court, N.D. Illinois, Eastern Division.

July 16, 1997.

Nicholas Gio, Leavenworth, KS, pro se.

Mark J. Vogel, U.S. Attorney's Office, Chicago, IL, for Respondent.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Petitioner Nicholas Gio's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

The motion is denied.

## I. BACKGROUND

In December of 1991, Petitioner Nicholas Gio was indicted along with Leonard Patrick, Mario Rainone, and Gus Alex on charges of conspiracy to conduct and conducting the affairs of an "association in fact" enterprise—the Lenny Patrick Street Crew—through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (count I) and § 1962(c) (count II). Gio was also indicted in a forfeiture count.

The case was tried before a jury. On October 1, 1992, the jury found Gio guilty as charged but declined to find a forfeiture against him. Gio was sentenced to 137 months imprisonment. Gio was not fined, but was jointly and severally liable for restitution in the amount of $376,000 with co-defendant Alex. Thereafter, Alex paid the restitution order in full.

Gio appealed his conviction and sentence. The Seventh Circuit affirmed. *See United States v. Rainone*, 32 F.3d 1203 (7th Cir. 1994). Gio now attacks his conviction and sentence collaterally under 28 U.S.C. § 2255.

## II. DISCUSSION

Gio attacks his conviction and sentence on three grounds: (1) the conviction under 18 U.S.C. § 1962(c) (count II) is inconsistent with the subsequently decided Supreme Court decision of *Reves v. Ernst & Young*, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993); (2) the fine and restitution order was improper; and (3) the federal government lacked jurisdiction to prosecute him for the charged offenses.

Prior to addressing the arguments, however, the court will first discuss the purpose of a § 2255 motion and the procedural steps that must be complied with in order to grant the reviewing court the authority to entertain the issues raised in the motion.

■ Relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Indeed, a criminal defendant may attack the validity of his sentence under § 2255 only if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Importantly, however, "[a] § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir.1995). This means that:

[a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* for the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the

issue would lead to a fundamental miscarriage of justice.

*Prewitt,* 83 F.3d at 816.

Gio failed to raise the arguments that he now advances by way of a § 2255 motion on appeal. He claims that the issues were not raised on appeal because his appellate counsel performed ineffectively. Since ineffective assistance of appellate counsel can qualify as "good cause" for failing to raise an issue on appeal, *see Guinan v. United States,* 6 F.3d 468, 471 (7th Cir.1993), the Court will address the merits of Gio's arguments.

## A. *Reves v. Ernst & Young*

Gio's first argument is difficult to comprehend fully. He cites *Reves v. Ernst & Young,* 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), and claims that his conviction under § 1962(c) was improper, but he does not attack the indictment, the sufficiency of the evidence, or the jury instructions. He simply argues that he was a "low man on the totem pole" and thus, under *Reves* he could not be guilty of a RICO violation since he was not an "operator or manager" of the RICO enterprise. Gio, however, misreads *Reves* and is apparently unaware of Seventh Circuit law interpreting *Reves.*

Section 1962(c) makes it unlawful "for any person employed by or associated with any enterprise ... to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.... " 18 U.S.C. § 1962(c). The circuit courts were in conflict as to the meaning of the phrase "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs." *Reves* held that to be liable under § 1962(c) "it must be shown that the defendant 'participated in the operation or management of the enterprise itself,' and that requires that the defendant play 'some part in directing the enterprise's affairs.' " *MCM Partners v. Andrews–Bartlett & Associates,* 62 F.3d 967, 977 (7th Cir.1995) (quoting *Reves,* 507 U.S. at 185 and 179, 113 S.Ct. at 1173 and 1170). At

the same time, however, the Supreme Court refused to limit § 1962(c)'s reach to upper-level management, concluding that liability may extend to "lower-rung participants ... who are under the direction of upper management." *Id.*

As stated above, Gio's reliance on *Reves* is misplaced. First, *"Reves* is a case about the liability of *outsiders* who may assist the enterprise's affairs." *MCM Partners,* 62 F.3d at 978 (quoting *United States v. Oreto,* 37 F.3d 739, 750 (1st Cir.1994)). Here, Gio was *not* an outsider, rather—unlike the defendant in *Reves*— he was part of the RICO enterprise itself. *See id.* at 979. Furthermore, although Gio was a "lower-rung" participant, he knowingly implemented the decisions of "upper management"—such participants are liable under § 1962(c). Indeed, Gio's intimidation tactics were instrumental to the successful operation of the RICO enterprise. *See id.* ("[T]hey knowingly implemented management's decisions, thereby enabling the enterprise to achieve its goals. In our view," those defendants are liable under *Reves.); United States v. Gabriele,* 63 F.3d 61, 68 (1st Cir.1995) ("Even employees not engaged in *directing* the operations of the RICO enterprise are criminally liable if they are 'plainly integral to carrying [it] out.' "); *Napoli v. United States,* 45 F.3d 680, 683 (2d Cir.1995) ("They 'were thoroughly indoctrinated participants in the criminal activities of the' " enterprise and thus liable under *Reves.).*

■ Accordingly, Gio's assertion that only upper-level "managers or operators" of the enterprise can be liable—pursuant to *Reves*— under § 1962(c) is inaccurate. Indeed, as the Supreme Court noted in *Reves,* "lower-rung participants in the enterprise who are under the direction of upper management" are also liable under § 1962(c). *Reves,* 507 U.S. at 184, 113 S.Ct. at 1172. Gio indisputably qualifies as a "lower-rung" participant under the direction of the "upper management." [1]

---

1. In fact, it does not appear that even Gio disagrees with the Court's position that he qualifies as a lower-rung participant under the direction of upper management. Rather, he believes that

lower-rung participants under the direction of upper management are simply not liable under § 1962(c). Obviously, he is wrong.

## B. *Fine and Restitution*

 Next, Gio argues that it was improper to order him to pay a fine and restitution. Gio, however, was not ordered to pay a fine. With respect to the restitution, the Court ordered that Gio and Alex were jointly and severally liable for restitution. Alex paid all of it; accordingly, there is no longer a restitution order to challenge. In any event, it's too late for the Court to correct any alleged errors surrounding the imposition of restitution. As noted recently by the Seventh Circuit, "§ 2255 is not available to challenge an order of restitution imposed as part of a criminal sentence." *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997).

## C. *Jurisdiction*

Finally, Gio argues that the federal government lacked jurisdiction to prosecute him for the crimes of conviction; rather, all jurisdiction was with the government of the State of Illinois. Gio's argument consists of one sentence and is not supported by any authority; rather, he simply notes that "there is a lot of good case law on jurisdiction to back" his argument. The claimed "good case law" is non-existent and his argument is meritless.

### III. *CONCLUSION*

The motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence is denied.