**Susanna SCARETTA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00–CV–4767 (ADS).**

United States District Court, E.D. New York.

June 19, 2003.

Susanna Scaretta, Danbury, CT, Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney Eastern District of New York by Bonnie S. Klapper, Assistant United States Attorney, Islip, NY, for Respondent.

## *MEMORANDUM OF DECISION AND ORDER*

SPATT, District Judge.

Petitioner Susanna Scaretta, appearing *pro se*, filed the instant motion to vacate,

set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## UNDERLYING FACTS AND PROCEDURAL HISTORY

On March 1, 1996, Petitioner was sentenced to a one hundred fifteen month prison term and three years of supervised release after a jury convicted her of conspiracy to commit bank fraud and four substantive counts of bank fraud. Petitioner's conviction arose out of her criminal conduct at Revere Armored Car Services ("Revere"), an armored car delivery company that transported and stored money for commercial banks and other customers. As sole owners of Revere, she and her husband Robert Scaretta engaged in a scheme to defraud their customers of more than $20 million by misrepresenting the amount of money held in their Bohemia, New York facility, and transferring funds between customer storage areas in order to disguise shortages during bank audits. Evidence at trial revealed that the couple used the money to fund, among other things, bribes, home and business renovations, and huge weekly gambling excursions.

Petitioner directly appealed her conviction to the United States Court of Appeals for the Second Circuit ("Second Circuit"), alleging that: (1) her due process rights were violated when the government allowed the destruction of certain records; (2) the trial judge failed to recuse himself; (3) the trial court erred when it admitted a letter providing gambling losses that was attached to an income tax return; (4) there was insufficient evidence to support the $20 million loss figure that lead to an enhancement under the United States Sentencing Guidelines; and (5) the trial court erred when it failed to provide a multiple conspiracy jury instruction.

On April 2, 1997, the Second Circuit affirmed the judgment of conviction, finding that the Petitioner's claims lacked merit. *See United States v. Scaretta*, 111 F.3d 124, 1997 WL 165379 (2d Cir.1997). On June 14, 1997, the Second Circuit denied the Petitioner's motion for a rehearing. *See United States v. Scaretta*, 1997 WL 62971, No. 96–1151(L) (2nd Cir. Feb. 12, 1997). Petitioner then moved in this Court, *pro se*, for a stay of execution of her sentence and for reconsideration of the Court's denial of her downward departure motion. The Court denied her motion, and Petitioner appealed. On March 3, 1999, the Second Circuit affirmed, ruling that "[t]he [C]ourt's decision not to grant the downward departure is not appealable." *United States v. Scaretta*, 175 F.3d 1009, 1009, 1999 WL 130667 (2d Cir.1999) (citing *United States v. Lawal*, 17 F.3d 560, 562 (2d Cir.1994)).

On August 8, 2000, Petitioner filed the instant motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255, alleging that her sentence was unconstitutionally imposed in light of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## DISCUSSION

Generally, a collateral attack on a final judgment brought pursuant to 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)); *see also Napoli v. United States*, 32 F.3d 31, 35 (2d Cir.1994) (providing that "not 'every asserted error of law can be raised on a

§ 2255 motion' ") (quoting *Davis v. United States,* 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). "[T]he scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996) (citations omitted).

## I. Procedural Bar

Because it is the first Section 2255 motion Petitioner has filed, the instant motion is governed by the following time restrictions:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the late[r] of [either]—
>
> (1) the date on which the judgment of conviction becomes final; [or] . . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2255.

Pursuant to the first requirement, a conviction becomes final for AEDPA purposes at the conclusion of a petitioner's direct appeal, and the time to seek a writ of certiorari with the Supreme Court of the United States has expired. *See Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").

■ Applying these principles, Petitioner has failed to comply with the AEDPA's oneyear limitation period. Petitioner's direct appeal concluded on April 2, 1997, when the Second Circuit affirmed the judgment of conviction. Petitioner did not file a petition for a writ of certiorari, so her conviction became final for AEDPA purposes ninety days later, or on July 2, 1997. Petitioner then had one year, or until July 2, 1998, to file her Section 2255 motion. However, Petitioner did not commence this action until August, 2000, long after her July 2, 1998 deadline had expired. Thus, Petitioner has failed to meet Section 2255's first period of limitation.

Petitioner claims that her motion is nevertheless timely under the third time limitation provided in Section 2255 because *Apprendi* announced a new rule that applies retroactively to her motion. *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 (announcing the rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

■ Contrary to Petitioner's assertions, *Apprendi* does not apply retroactively to her case. In fact, the Second Circuit recently "join[ed] th[e] chorus" of "at least seven United States Courts of Appeals [that] have held that *Apprendi* announced a new rule, but that *Apprendi's* new rule does not apply retroactively to initial section 2255 motions for habeas relief." *Coleman v. United States,* 329 F.3d 77, 2003 WL 21019559 (2d Cir. May 7, 2003) (citing *Goode v. United States,* 305 F.3d 378, 382–85 (6th Cir.2002); *Curtis v. United States,* 294 F.3d 841, 843–44 (7th Cir.2002); *United States v. Mora,* 293 F.3d 1213, 1218–19 (10th Cir.2002); *United States v. Sanchez–Cervantes,* 282 F.3d 664, 666–71 (9th Cir. 2002); *McCoy v. United States,* 266 F.3d 1245, 1255–58 (11th Cir.2001); *United States v. Moss,* 252 F.3d 993, 997–1001 (8th

Cir.2001); *United States v. Sanders*, 247 F.3d 139, 147–51 (4th Cir.2001)).

Alternatively, Petitioner claims her motion falls within the "watershed" rule exception to the bar against retroactive relief in habeas cases. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). However, a new rule may be retroactively applied if it falls within one of the following exceptions:

> (1) new rules that "place an entire category of primary conduct beyond the reach of the criminal law, or new rules that prohibit imposition of a certain type of punishment for a class of defendants because of their status or offense"; or (2) "new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding."

*Coleman*, 329 F.3d 77 (citing *United States v. Mandanici*, 205 F.3d 519, 525 (2d Cir. 2000)).

However, Petitioner's claim is foreclosed by the Second Circuit's recent pronouncement that *Apprendi* did not create a "watershed" rule. *See Coleman*, 329 F.3d 77 (explaining that a rule is only considered "watershed" under *Teague* when it not only " 'improv[es] the accuracy' of criminal proceedings, but also 'alter[s] our understanding of the bedrock procedural elements essential to the fairness' of those proceedings.... "In short, it must be a 'groundbreaking occurrence.' ") (citing *Sawyer v. Smith*, 497 U.S. 227, 241–42, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990); *Mandanici*, 205 F.3d. at 528).

In sum, the Petitioner has failed to comply with AEDPA's time restrictions and *Apprendi* does not apply retroactively to her case. Accordingly, her motion to vacate based on *Apprendi* is denied.

### *CONCLUSION*

For the foregoing reasons, Scaretta's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED. Pursuant to Fed. R.App. Pro. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Scaretta has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090; *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

SO ORDERED.