**Eric L. PARSONS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 95–CV–1287.

United States District Court, N.D. New York.

March 18, 1996.

Benjamin F.L. Darden & Associates, P.C. (Benjamin F.L. Darden, of counsel), Ithaca, New York, for Petitioner.

Thomas J. Maroney, United States Attorney, N.D. New York (Elizabeth S. Riker, Assistant U.S. Attorney, of counsel), Syracuse, New York, for Respondent.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Presently before the court is petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this Memorandum–Decision and Order, petitioner's motion is denied.

### BACKGROUND

On March 14, 1995, petitioner pled guilty to two counts of illegal possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Minute Entry, Document ("Doc.") 29 in Case No. 94–CR–458. At the July 21, 1995 sentencing hearing, the court denied petitioner's motion to correct an allegedly erroneous finding in the Presentence Investigation Report with regard to the number of firearms involved in the offense, and sentenced him to 48 months imprisonment on each of the two counts, to be served concurrently. Minute Entry, Doc. 38 in Case No. 94–CR–458; Sept. 19, 1995 Judgment, Doc. 44 in Case No. 94–CR–458.

On July 27, 1995, petitioner filed a notice of appeal to the Second Circuit from the sentence imposed by this court. Notice of Appeal, Doc. 39 in Case No. 94–CR–458. On September 11, 1995, petitioner filed the instant section 2255 motion to correct his sentence. Motion Pursuant to 28 U.S.C. § 2255 ("Petitioner's Motion"), Doc. 1 in Case No. 95–CV–1287. On September 20, 1995, the Second Circuit dismissed petitioner's appeal due to his failure to timely perfect the appeal. Mandate, Doc. 45 in Case No. 94–CR–458.

### DISCUSSION

#### A. Procedural Bar

The court must first determine whether petitioner is procedurally barred from bringing the instant motion because he failed to perfect a direct appeal. "It is well-settled that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Billy–Eko v. United States,* 8 F.3d 111, 113–14 (2d Cir. 1993) *(citing United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)); *see also Douglas v. United States,* 13 F.3d 43, 46 (2d Cir.1993); *Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992). Of particular relevance to the case at bar, the Second Circuit Court of Appeals, in *United States v. Pipitone,* 67 F.3d 34 (2d Cir.1995), stated that a petitioner must show "cause and prejudice" if there is a "complete failure to take a direct appeal." *Id.* at 38 (citing *Scott v. United States,* 997 F.2d 340, 342 (7th Cir.1993)).

██ Petitioner filed the instant motion after filing a notice of appeal. The direct appeal was dismissed by the Second Circuit because petitioner failed to perfect the appeal. Sept. 20, 1995 Mandate, Doc. 45 in Case No. 94–CR–458. In making the instant motion however, petitioner has not offered any explanation for the default. Absent the requisite showing of cause and prejudice, petitioner's collateral attack is procedurally barred because of the failure to perfect a direct appeal. *See Pipitone,* 67 F.3d at 38. Thus, the court denies petitioner's motion to correct the sentence. Assuming, arguendo, that the instant motion is not procedurally barred, the court turns to a discussion of the merits.

#### B. Substantive Arguments

██ Petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief in a collat-

eral attack on his conviction under 28 U.S.C. § 2255. *United States v. DiCarlo,* 575 F.2d 952, 955 (1st Cir.1978). Petitioner carries the same burden in showing that he is entitled to an evidentiary hearing. *Id.* The court may summarily dismiss the motion based upon a review of the record, moving papers and any attached exhibits and affidavits "[i]f it plainly appears ... that the movant is not entitled to relief." Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code ("Rules Governing § 2255 Proceedings"). In making a determination whether to hold a hearing and whether to summarily dismiss a section 2255 motion, the court may rely on its own recollections and observations. *Polizzi v. United States,* 926 F.2d 1311, 1320 (2d Cir.1991). Indeed, "[o]ne of the purposes for which Congress passed Section 2255 was to make use of the personal observations of the trial judge of trial occurrences in ruling upon attacks on convictions because of such occurrences." *Panico v. United States,* 412 F.2d 1151, 1155–56 (2d Cir.1969), *cert. denied,* 397 U.S. 921, 90 S.Ct. 901, 25 L.Ed.2d 102 (1970) (citations omitted). Because the record conclusively shows that petitioner is not entitled to relief, the instant decision is made without the benefit of a hearing. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing § 2255 Hearings.

■ The limited grounds upon which a petitioner may collaterally attack a sentence under section 2255 is well established. "A collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), and citing *Napoli v. United States,* 32 F.3d 31, 35 (2d Cir.1994), *modified on other grounds,* 45 F.3d 680 (1995), *cert. denied,* —— U.S. ——, 115 S.Ct. 900, 130 L.Ed.2d 784, *and cert. denied,* —— U.S. ——, 115 S.Ct. 1796, 131 L.Ed.2d 724, *and cert. denied,* —— U.S. ——, 115 S.Ct. 2015, 131 L.Ed.2d 1014

(1995); *Hardy v. United States,* 878 F.2d 94, 97 (2d Cir.1989)).

Petitioner argues that the government failed to disclose exculpatory evidence, in violation of his constitutional right to due process of law. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972). In addition, petitioner argues that the court's decision to impose a 3–level increase to the base offense level was premised on an erroneous factual finding regarding the number of firearms involved in the offense. Petitioner's Motion, Doc. 1 in Case No. 95–CV–1287, at 2. The court addresses each of these arguments in turn.

### i. Access to Government Witness

■ Petitioner alleges that neither he nor his counsel had access during the discovery phase of the trial to a "key government witness," Susan Capone, because an "order of protection" precluded any contact between petitioner and Ms. Capone. Petitioner's Motion, Doc. 1 in Case No. 95–CV–1287, at 1–3. The principal complaint, however, is that the government failed to disclose exculpatory material obtained from Ms. Capone, in violation of its obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ It is a well-established rule that "[u]nder *Brady* and its progeny, the government has an affirmative duty to disclose favorable evidence known to it, even if no specific disclosure request is made by the defense." *United States v. Payne,* 63 F.3d 1200, 1208 (2d Cir.1995) (citing *Kyles v. Whitley,* —— U.S. ——, 115 S.Ct. 1555, 1565, 1567–68, 131 L.Ed.2d 490 (1995); *United States v. Agurs,* 427 U.S. 97, 108–10, 96 S.Ct. 2392, 2399–2401, 49 L.Ed.2d 342 (1976)). However, "evidence is not considered to have been suppressed within the meaning of the *Brady* doctrine" if the defendant or his attorney " 'either knew, or should have known, of the essential facts permitting him to take advantage of [that] evidence.'" *Payne,* 63 F.3d at 1208 (citing *United States v. Zackson,* 6 F.3d 911, 918 (2d Cir.1993) (quoting

*United States v. LeRoy,* 687 F.2d 610, 618 (2d Cir.1982), *cert. denied,* 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983))).

Petitioner's claim that the government violated the dictate of *Brady* by failing to disclose the identity of Ms. Capone and her statements that she owned some of the firearms is not credible. Ms. Capone was present at petitioner's pretrial detention hearing and testified, in part, that she owned two of the firearms found a petitioner's residence. Dec. 22, 1994 Pretrial Detention Order, Doc. 9 in Case No. 94–CR–458, at 3.

 The court acknowledges that petitioner's present counsel, Benjamin F.L. Darden, did not represent petitioner at the detention hearing, and that Mr. Darden was not substituted as counsel for petitioner until March 1995. Minute Entry, Doc. 22 in Case No. 94–CR–458. Nevertheless, even a cursory review of the file would have disclosed to Mr. Darden that Ms. Capone testified for the government at petitioner's detention hearing, Minutes of Dec. 15, 1994 Detention Hearing, Doc. 3 in Case No. 94–CR–458, and that she provided testimony about her ownership of several firearms located at petitioner's residence, Dec. 22, 1994 Pretrial Detention Order, Doc. 9 in Case No. 94–CR–458. "Documents that are part of public records are not deemed suppressed if defense counsel should know of them and fails to obtain them because of lack of diligence in his own investigation." *Payne,* 63 F.3d at 1208; *cf. United States v. Esposito,* 834 F.2d 272, 275 (2d Cir.1987) (no *Brady* violation when defendant had possession of transcripts containing relevant material). More importantly, the government's alleged failure to disclose the testimony of a witness as to facts that are within the personal knowledge of a defendant does not constitute a violation of *Brady. United States v. Diaz,* 922 F.2d 998, 1007 (2d Cir. 1990). In addition to reviewing the record in the instant case, Mr. Darden could have learned about the evidence from petitioner, who was present at the detention hearing and had personal knowledge as to who owned the firearms.

 Although it is not necessary to the disposition of the instant motion, the court feels compelled to address petitioner's claim

that his attorney was prevented from speaking with Ms. Capone. *See* Petitioner's Motion, Doc. 1 in Case No. 95–CV–1287, at 2. Magistrate Judge Gustave J. DiBianco ordered petitioner held in detention pending trial after finding that petitioner "present[ed] a substantial threat to Ms. Capone's safety." Dec. 22, 1994 Pretrial Detention Order, Doc. 9 in Case No. 94–CR–458, at 7. After reconsideration of that order, the Magistrate Judge ordered petitioner released subject to the condition that petitioner "have no contact, either directly or indirectly, with Susan Capone, either by telephone or in person, at either her place of employment or her residence." January 10, 1995 Order Containing Additional Release Conditions, Doc. 15 in Case No. 94–CR–458, at 1; *see also* Order Setting Conditions of Release, Doc. 14 in Case No. 94–CR–458.

Petitioner's present counsel seems to construe the terms of the release order as having precluded him from having any contact with Ms. Capone. The court is unable to discern any condition in the release order that can be read to preclude petitioner's counsel from preparing a defense by meeting with Ms. Capone. In any event, faced with the belief that he was unable to have personal contact with Ms. Capone, the reasonable course would have been for petitioner's counsel to obtain the court's permission to speak with her for the purpose of preparing a defense. There is no indication in the record that Mr. Darden pursued that avenue. The court therefore rejects the premise advanced by petitioner that his counsel was precluded by a court order from having any contact with a potential witness in order to prepare a defense.

For the foregoing reasons, petitioner's motion to correct the sentence is denied, insofar as it is based on the claim that the government violated its obligations under *Brady.*

### ii. *Number of Firearms*

 Petitioner also asks the court to correct the sentence in light of his claim that the offense did not "involve 12 firearms." Petitioner alleges that Ms. Capone told the government that she owned several of the twelve

firearms found in petitioner's home. Petitioner's Motion, Doc. 1 in Case No. 95–CV–1287, at 1–3. In addition, she allegedly revealed to the government that several of the firearms were owned by petitioner's father and some of petitioner's friends. *Id.*

The court previously dealt with petitioner's claim that he did not own all the firearms at the sentencing hearing. The issue was thoroughly addressed by the parties in written submissions to the court and during oral argument at the sentencing hearing. *See* Petitioner's Motion to Correct Presentence Investigation Report, Doc. 35 in Case No. 94–CR–458, at 2, Petitioner's Sentencing Mem., Doc. 36 in Case No. 94–CR–458, at 6; Minute Entry, Doc. 38 in Case No. 94–CR–458. The issue was also addressed in the Presentence Investigation Report. After a careful review of the evidence, the court found that petitioner possessed 12 firearms, Transcript of July 21, 1995 Sentencing Hearing ("Sentencing Transcript"), Doc. 46 in Case No. 94–CR–458, and imposed a 3–level increase to the base offense level, pursuant to U.S.S.G. § 2K2.1(b)(1)(C).

Petitioner's argument that the offense did not "involve" 12 firearms because he did not "own" all of them is to no avail. Title 18 U.S.C. § 922(g)(1) provides in pertinent part:

> It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ... possess in or affecting commerce, any firearm or ammunition.[1]

Possession, within the meaning of 18 U.S.C. § 922 "can be either actual, constructive or joint." *United States v. Pelusio,* 725 F.2d 161, 167 (2d Cir.1983) (citations and internal quotation marks omitted). *See also United States v. Speer,* 30 F.3d 605, 611 (5th Cir.1994) (defendant had constructive possession of weapon where defendant was driver of vehicle in which passenger was in visible possession of firearm). In addition, "constructive possession exists when a person ... knowingly has the power and intention at a given time to exercise dominion and control

over an object, either directly or through others." *Pelusio,* 725 F.2d at 167 (citations and internal quotation marks omitted).

██ With regard to the court's decision to enhance petitioner's offense level pursuant to U.S.S.G. § 2K2.1(b)(1)(C), it is irrelevant that petitioner did not own each of the 12 guns. Indeed, the court expressly found that "many of the guns ... found in [petitioner's] residence" were owned by individuals other than petitioner. Sentencing Transcript, Doc. 46 in Case No. 94–CR–458, at 10–11. However, the charge against petitioner is premised on his *possession* of the firearms, *see* 18 U.S.C. § 922(g)(1), which can be constructive, actual or joint, and the court found that the evidence was sufficient to support the finding that he possessed the 12 firearms. "Facts in support of a sentencing calculation need only be proven by a preponderance of the evidence." *United States v. Beverly,* 5 F.3d 633, 642 (2d Cir.1993) (citing *United States v. Beaulieau,* 959 F.2d 375, 378–79 (2d Cir. 1992)).

The court concludes that "petitioner's contention that he did not own all of the guns fails to establish an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bokun,* 73 F.3d at 12.

For all of the foregoing reasons, petitioner's motion to correct the sentence is denied, insofar as it is based on the court's finding with regard to the number of firearms.

### CONCLUSION

For the reasons state above, petitioner's motion to correct the sentence pursuant to 28 U.S.C. § 2255 is DENIED and Case No. 95–CV–1287 is DISMISSED in its entirety. The Clerk of the Court is directed to enter judgment against petitioner, and in favor of respondent.

It is so ORDERED.

---

1. In 1978, petitioner was convicted of Burglary in the Third Degree under New York Penal Code § 140.20, a crime punishable by imprisonment for a term exceeding one year. Dec. 15, 1994 Indictment, Doc. 4 in Case No. 94–CR–458.