**UNITED STATES of America**

v.

**Marco Tulio GALLO–LOPEZ, Defendant.**

**No. 95–CV–890.**

United States District Court,
N.D. New York.

July 17, 1996.

Marco Tulio Gallo–Lopez, Loretto, PA, pro se.

Donald T. Kinsella, Asst. U.S. Atty., Albany, NY, for United States.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

Petitioner filed a petition to correct his sentence pursuant to 28 U.S.C. § 2255, asserting the following three grounds for relief: (1) as a deportable alien, he is entitled to a downward departure from the Sentencing Guidelines; (2) as a minimal participant, he is entitled to an additional two-point reduction in his base offense level; and (3) he received ineffective assistance of counsel. The Court denies the Petition.

## I. Background

On July 3, 1994, a jury convicted petitioner on one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 13, 1994, this Court sentenced petitioner to 63 months' imprisonment and, upon his release from prison, four years of supervised release.

Because the third crime for which petitioner was convicted involved one kilogram of cocaine, his base level offense was 26. He received a two-level reduction for playing a minor role in the offense and, on the ground that he gave perjured testimony, a two-level enhancement for obstruction of justice.

On direct appeal, petitioner challenged this Court's imposition of the two-level enhancement for obstruction of justice. The Court of Appeals remanded the case for further findings with regard to petitioner's alleged perjury and, if appropriate, re-sentencing. *United States v. Gallo–Lopez*, 62 F.3d 41 (2d Cir. 1995). On remand, this Court rescinded the two-level enhancement for obstruction of justice and reduced the incarceration portion of petitioner's sentence from 63 to 60 months.

In his 2255 petition, petitioner argues that he is entitled to further downward departures from the Sentencing Guidelines on the following three grounds: (1) his status as a deportable alien constitutes a mitigating circumstance under Guidelines § 5K2.0 Policy Statement; (2) his "minimal," as opposed to "minor," participation in the criminal conspiracy for which he was convicted; and (3) his lawyer's ineffective assistance of counsel, as evidenced by (a) counsel's alleged failure to object to the Court's refusal to grant a downward departure in light of petitioner's alien status, and (b) counsel's alleged failure to pursue vigorously the argument that petitioner's minimal role in the offense merited a four-point reduction in his base offense level.

## II. Discussion

■■■ "A collateral attack on a final judgment in a federal criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun,* 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). In this collateral attack upon his conviction, petitioner bears the burden of establishing by a preponderance of the evidence that he is entitled to relief. *Parsons v. United States,* 919 F.Supp. 86, 88–89 (N.D.N.Y.1996). If, upon the Court's review of the record, moving papers, and any attached exhibits and affidavits, "it plainly appears ... that the movant is not entitled to relief", the Court may summarily dismiss petitioner's motion. *Id.* (citing Rule 4(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code). Finally, "It is well-settled that where a petitioner does not bring a claim on direct appeal, he is barred from raising the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Billy–Eko v. United States,* 8 F.3d 111, 113–14 (2d Cir. 1993) (citing *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). One way for a 2255 petitioner to satisfy both the cause and prejudice requirements is to prove that he received ineffective assistance of counsel. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986); *See* Erwin Chemerinsky, Federal Jurisdiction § 15.5.5, at 830 (2d ed. 1994).

### A. Deportable Alien Status

Petitioner claims that he is entitled to a downward departure from the Sentencing Guidelines because his status as a deportable alien will prevent him from securing placement in a half-way house or other minimum security facility and will increase his actual term of imprisonment by rendering him ineligible for supervised release. Because petitioner forwards this argument for the first time in a 2255 motion, he must demonstrate both cause for, and prejudice resulting from, his failure to raise the issue earlier, at the time of sentencing or on direct appeal. *Campino v. United States,* 968 F.2d 187 (2d Cir.1992). Unless petitioner succeeds on his ineffective assistance claim, he cannot establish the requisite cause and prejudice.

■ Apart from his ineffective assistance claims, petitioner has failed to allege, let alone attempt to substantiate, that he had cause for failing to seek direct review of the Court's refusal to permit a downward departure based on mitigating circumstances. Even if petitioner were able to show cause, he would be unable to demonstrate prejudice—that his failure to raise this issue earlier affected the outcome of his sentencing and appeal. *See* Chemerinsky, *supra* § 15.5 at 830. In *United States v. Restrepo,* 999 F.2d 640 (2d Cir.), *cert. denied,* 510 U.S. 954, 114 S.Ct. 405, 126 L.Ed.2d 352 (1993), the Second Circuit held that a convicted defendant is not entitled to a downward departure based on the "mitigating circumstance" that he is a deportable alien if the only apparent consequences of his alienage are (1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention following the completion of sentence, and (3) banishment from the United States and separation from his family. Be-

cause petitioner has not alleged any consequences of his alienage different from those the Second Circuit addressed in *Restrepo,* he was not entitled to a downward departure from the Sentencing Guidelines on the basis of his deportable alien status. Therefore, his failure to raise this issue earlier has not caused him prejudice.

### B.  Minimal or Minor Participant

Petitioner received a two-point downward departure under § 3B1.2(b) of the Sentencing Guidelines because of his status as a "minor" participant in the crime. He now claims that because he was only a "minimal" participant, he should have received a four-point downward departure pursuant to § 3B1.2(a) of the Sentencing Guidelines. Because petitioner failed to present this claim at sentencing or on direct appeal, the burden again falls upon him to show cause and prejudice, either independently or by demonstrating that he received ineffective assistance of counsel. Aside from ineffective assistance claims, the Petition is devoid of allegations that might explain Petitioner's failure to raise this issue at sentencing or on direct appeal. Similarly, aside from petitioner's bald statement that as a driver, he was a minor participant in the crime, his only assertion of prejudice appears in allegations concerning ineffective assistance of counsel.

The Court will now turn to petitioner's strongest argument—that despite two defaults, the Court should permit him to raise new issues in his 2255 petition because he received ineffective assistance of counsel, presumably at sentencing and on appeal. As the Court indicated earlier, demonstrating ineffective assistance of counsel satisfies a 2255 petitioner's burden to show cause for, and prejudice resulting from, his failure at earlier proceedings to raise newly-asserted justifications for a lesser sentence. *See Murray,* 477 U.S. at 488, 106 S.Ct. at 2645–46.

### C.  Ineffective Assistance of Counsel

In *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), the Supreme Court held that a defendant can establish ineffective assistance only by showing that (1) counsel's performance fell below an objective standard of reasonableness (the "deficient performance" prong); and (2) a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceedings would have been different (the "prejudice" prong). Contrary to the general rule, petitioner's failure to raise any ineffective assistance arguments in his direct appeal does not bar him from raising them here. *Billy–Eko v. United States,* 8 F.3d 111, 114–15 (2d Cir.1993) (stating that "in most cases there is good reason to allow a defendant to make ineffective assistance claims on collateral attack even if those claims were not brought on direct appeal[,]" but recognizing an exception for 2255 petitioners who have different trial and appellate counsel and who base their ineffective assistance claims solely on the trial record).

Petitioner provides two grounds for his assertion that his lawyer provided ineffective assistance, apparently during sentencing and on direct appeal. First, petitioner alleges that his lawyer failed to object to the Court's refusal to grant a downward departure based on petitioner's deportable alien status. Second, he alleges that his lawyer failed to pursue vigorously the argument that petitioner's minimal role in the offense justified a four-point reduction from his base level offense, rather than the two-point reduction petitioner received for his role as a minor participant.

#### 1.  Deportable Alien

■ Counsel's alleged failure to object to the Court's refusal to grant a downward departure based on petitioner's deportable alien status did not constitute deficient performance, for the simple reason that under *Restrepo,* petitioner was not entitled to a downward departure on the basis of his deportable alien status. Whether or not counsel made the argument, it would not have altered the sentence petitioner received or the outcome of his direct appeal. Therefore, petitioner has failed to establish that his counsel provided ineffective assistance by failing to raise this argument in earlier proceedings. This conclusion leads inextricably to a second—that petitioner has failed to establish cause and prejudice for his failure to raise the deportable alien issue earlier. He is thus barred from asserting it for the first time in his 2255 petition.

### 2. Minimal Participant

Petitioner alleges that his lawyer failed to vigorously argue for a four-point reduction based on his minimal role, rather than a two-point reduction for a minor role. Under the *Strickland* test, "a defendant raising a claim of ineffective assistance of counsel bears the heavy burden of establishing that his 'counsel's representation fell below an objective standard of reasonableness' and that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bellamy v. Cogdell*, 974 F.2d 302, 306 (2d Cir.1992) (en banc) (quoting *Strickland* 466 U.S. at 694, 104 S.Ct. at 2068). This *pro se* petitioner failed to present any arguments regarding either of the two prongs of this test, and the Court's review of the sentencing transcript revealed that counsel's presentation was reasonable and that the result of the sentencing would not have been different. Petitioner's lawyer adequately presented the five criteria for departure and the decision of the Court was that petitioner did not meet the fifth factor due to having been untruthful during his testimony at trial. (Sent.Tr., 10/13/94 at 9). Thus, petitioner has failed to demonstrate that he suffered from ineffective assistance of counsel.

### III. Conclusion

The Court rejects petitioner's first-time claims for downward departures from the Sentencing Guidelines based on his deportable alien status and on his allegedly "minimal" participation in the conspiracy for which he was convicted. He has failed to demonstrate cause for, and prejudice resulting from, his failure to raise these issues during his sentencing or on direct appeal. Furthermore, petitioner's claims regarding ineffective assistance of counsel fail the *Strickland* test. Accordingly,

Petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255 is hereby DENIED.

**SO ORDERED.**